UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOSE G. UMANZOR, on behalf of himself, individually,
and all other persons similarly situated,

                                Plaintiff,                      **COMPLAINT**

      -against-

HERMES RESTAURANT CORP. d/b/a MILLENNIUM      *Class and Collective*
DINER & RESTAURANT and ATHANASIA                   *Action*
MOUSTAKAS,

                                Defendants.
-----------------------------------------------------------------------X

      Plaintiff, JOSE G. UMANZOR ("Plaintiff"), on behalf of himself, individually, and all others similarly situated, by and through his counsel, the Romero Law Group PLLC, complaining of the Defendants, HERMES RESTAURANT CORP. d/b/a MILLENNIUM DINER AND RESTAURANT ("Millennium Diner") and ATHANASIA MOUSTAKAS ("Moustakas," together with Millennium Diner as "Defendants"), alleges as follows:

## NATURE OF THE ACTION

      1.      Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 146 ("NYLL"), failure to furnish accurate wage statements for each pay period under NYLL § 195(3), failure to provide a wage notice upon his hire under NYLL § 195(1), and any other claim(s) that can be inferred from the facts set forth herein.

      2.      Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other similarly situated persons during the applicable FLSA limitations period who suffered

damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

3. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable limitations periods who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 as this action arises under the FLSA, 29 U.S.C. § 201, *et seq*. and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York. Defendants do business in the State of New York, within the Eastern District of New York.

## PARTIES

6. At all relevant times, Plaintiff JOSE G. UMANZOR ("Plaintiff" or "Umanzor") is a resident of the County of Suffolk, State of New York.

7. At all relevant times, Plaintiff was a non-exempt, employee of the Defendants and an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

8. Throughout his employment, Plaintiff's duties included washing dishes, cleaning the kitchen and bathroom, as well as preparing and cooking food. In performing his duties, Plaintiff handled or worked with various goods including, but not limited to, cleaning solvents, mops, brooms, food products, lamb, pork, beef, poultry, fish, produce, vegetables, fruits, grains, cheese, dairy products, other food ingredients, and cookware and cooking utensils which undoubtedly moved in interstate commerce.

9. At all relevant times, Defendant Millennium Diner is and was a domestic business corporation with its principal place of business at 156 East Main Street, Village of the Branch, New York 11787.

10. At all times relevant, Defendant Millennium Diner is and was engaged in the restaurant business and is and was subject to the FLSA.

11. At all times relevant, Defendant Millennium Diner is and was an "enterprise engaged in commerce" within the meaning of the FLSA in that it (1) has and previously had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (2) has and has had an annual gross volume of sales of not less than $500,000.00."

12. At all times relevant, Defendant Millennium Diner has and has had "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

13. At all relevant times, Defendant Millennium Diner has required and requires use of a wide variety of materials that have moved through interstate commerce such as food products, lamb, pork, beef, poultry, fish, produce, vegetables, fruits, grains, cheese, dairy products, other

food ingredients, kitchen utensils, cookware and cooking utensils, cleaning supplies, cleaning solvents, mops, brooms, paper products, furniture, and more.

14. At all times relevant, Defendant Millennium Diner has been, and continues to be, an "employer" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the meaning of 29 U.S.C. § 203.

15. At all times relevant, Defendant Millennium Diner was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

16. Defendant Moustakas is an owner and/or officer of Millennium Diner, and is active in the day-to-day management of Millennium Diner, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, scheduling and hours worked, having and exercising the power to hire, fire and discipline employees and approve all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's employment, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

17. At all times relevant, Defendants have been, and continue to be, "employers" as defined by 29 U.S.C. § 203(D) and by the NYLL § 190(3).

## STATEMENT OF FACTS

18. Plaintiff was employed by Defendants as a chef's helper and as a dishwasher from on or about December 7, 2021 until in or about March 2023. Plaintiff performed non-exempt duties for the Defendants including preparing, chopping and cooking food, washing dishes, and cleaning the kitchen and bathroom.

19. Throughout his employment, Plaintiff Nuno regularly worked six days per week. Plaintiff regularly worked on Monday, Tuesday, Wednesday and Friday from 7:00 a.m. until 4:20 p.m. and on Saturday and Sunday from 8:00 a.m. until 4:20 p.m. Accordingly, Plaintiff was

regularly required to work, and did in fact work, 54 hours each workweek and, therefore, regularly worked more than forty hours during each workweek.

20. In exchange for his work, throughout his employment, Defendants compensated Plaintiff at his regular hourly rate of $15.00 per hour for all hours worked, including those hours worked in excess of forty hours during a single workweek.

21. Throughout his employment, Defendants failed to pay Plaintiff at the statutorily required overtime rate of one and one-half times his regular rate of pay or the minimum wage rate, whichever is greater, for hours worked in excess of forty hours in violation of the FLSA and NYLL.

22. Plaintiff's weekly compensation was paid partially by check and partially by cash.

23. Throughout his employment, Defendants willfully disregarded and purposefully evaded record-keeping requirements of the FLSA and NYLL by failing to maintain accurate records of the hours worked by Plaintiff, failing to pay him in accordance with his hours worked, and failing to pay Plaintiff at his correct overtime rates of pay.

24. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. § 516.4 and the NYLL, 12 NYCCRR § 146-2.4.

25. Defendants failed to provide Plaintiff with a written notice upon his hire – or at all – in his native language of his rates of pay and other information required by NYLL § 195(1).

26. Throughout his employment, Defendants failed to provide Plaintiff with accurate statements of his wages earned, including his correct overtime rate of pay, his correct amount of regular and overtime hours worked, and his correct gross wages, net wages, deductions and allowances, for each pay period as required by NYLL § 195(3).

27. By failing to meticulously detail Plaintiff's hourly rates upon his hire, as well as his actual hours worked and any taxes, deductions or allowances taken for each workweek as required by NYLL §§ 195(1) and (3), Defendants caused actual and concrete harm to Plaintiff, who was unable to determine whether he had been underpaid his overtime compensation throughout his employment.

28. Because Plaintiff worked without the information requested by NYLL §§ 195(1) and (3), Plaintiff was unable to determine the precise amount of wages that he was entitled to receive and that he had been underpaid every workweek.

29. Defendants treated and paid Plaintiff, and the FLSA Collective Action Members and Class Members in the same or similar manner and subjected them to the same corporate-wide payroll practices.

## COLLECTIVE ACTION ALLEGATIONS

30. At all relevant times, Plaintiff and the FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each workweek.

31. Plaintiff brings his FLSA claims on behalf of himself and all non-exempt hourly-paid employees of Defendants who give their consent, in writing, to become plaintiffs and who performed duties including, but not limited to, preparing and/or cooking food, washing dishes, unloading trucks, cleaning and/or maintaining the premises, bussing tables, serving food, hosting, or operating any form of cash register or point of sale system, and/or in any other similarly-situated position at any time during the three (3) years prior to the filing of their respective consent forms.

32. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

33. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

34. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings his Second through Fourth Claims for Relief on behalf of himself and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by the Defendants as non-exempt hourly-paid employees of Defendants and who performed duties including, but not limited to, preparing and/or cooking food, washing dishes, unloading trucks, cleaning and/or maintaining the premises, bussing tables, serving food, hosting, or operating any form of cash register or point of sale system, and/or in any other similarly-situated

position at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

37. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

37. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) individuals who are currently, or have been, employed by the Defendants as a covered Class Member at any time during the six (6) years prior to the filing of this Complaint.

38. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

39. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members overtime compensation for hours worked in excess of forty hours in a single workweek;

(b) Whether Defendants failed to furnish the Plaintiff and Class Members with a compliant notice of their wage rate upon their hire;

(c) Whether Defendants failed to furnish the Plaintiff and Class Members with accurate wage notices for each pay period;

(d) Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay and/or other required compensation was done willfully and/or with reckless disregard of the state wage and hour laws;

(e) Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

(f) Whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiff and Class Members;

(g) Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(h) What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

40. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and the Class Members sustained similar losses, injuries, harms and damages arising from the same unlawful policies, practices, and procedures.

41. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

42. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

43. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants, especially in light of the relatively minimal damages owed to each individual putative Class Member.

44. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation of claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

45. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

46. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT: OVERTIME WAGES

47. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

48. Defendants employed Plaintiff and Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate them for their hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular rate of pay or the applicable minimum wage, whichever is greater, in violation of the FLSA.

49. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

50. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

51. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

52. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

53. Defendants employed Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty (40) hours and willfully failed to compensate them for their hours worked in excess of forty (40) hours per week at a rate of at

least one and one-half times their regular rate or the applicable minimum wage, whichever is greater, in violation of NYLL.

54. By Defendants' failure to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action proper overtime wages for hours worked in excess of forty (40) hours per week, Defendants violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

55. Defendants' violations of the NYLL, as described in this Complaint, have been willful and intentional.

56. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs of this action, and interest as permitted by law.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE NOTICE

57. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

58. Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action with a written notice upon their hire, and failed to provide same in their primary language, regarding their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information, as required by NYLL § 195(1).

59. Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action with the notice required by NYLL § 195(1),

Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to statutory damages, reasonable attorneys' fees and costs of this action.

### FOURTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW: WAGE STATEMENTS

60. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

61. Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action with accurate statements of their wages earned, including, *inter alia*, their correct overtime rates of pay, their correct amount of regular and overtime hours worked, and their correct gross wages, net wages, deductions and allowances, for each pay period as required by NYLL § 195(3).

62. Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action with accurate wage statements with their wages as required by NYLL § 195(3), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to statutory damages, reasonable attorneys' fees and costs of this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Collective Action Plaintiffs and Class Members pray for the following relief:

i. Issuing an order restraining Defendants from any retaliation against Plaintiff, Class Action Members and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

    ii. Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under FLSA, and its supporting regulations, and the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

    iii. Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

    iv. Certifying a class action pursuant to Fed. R. Civ. P. 23;

    v. Awarding unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

    vi. Awarding unpaid wages, including but not limited to unpaid overtime wages and/or other forms of compensation, and an additional and equal amount as liquidated damages, pursuant to the NYLL and Department of Labor Regulations;

    vii. Awarding damages for violations of NYLL §§ 195(1), 198;

    viii. Awarding damages for violations of NYLL §§ 195(3), 198;

    ix. Awarding all attorneys' fees incurred in prosecuting these claims;

    x. Awarding all costs incurred in prosecuting these claims;

    xi. Awarding pre- and post-judgment interest as permitted by law; and

    xii.    Granting such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
        November 20, 2023

                                  ROMERO LAW GROUP PLLC
                                  *Attorneys for Plaintiff*
                                  490 Wheeler Road, Suite 250
                                  Hauppauge, New York 11788
                                  Tel.: (631) 257-5588

               By:    _____
                                  DAVID D. BARNHORN, ESQ.
                                  PETER A. ROMERO, ESQ.