

Peter A. Romero, Esq.
David D. Barnhorn, Esq.

Matthew J. Farnworth, Esq.

December 4, 2024

**Via ECF**
Hon. Anne Y. Shields
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: *Jose G. Umanzor v. Hermes Restaurant Corp., et al.*
      Docket No. 23-cv-08617 (RER) (AYS)

Dear Judge Shields:[1]

  This firm represents the Plaintiff, Jose G. Umanzor, who brought the above-referenced matter against Hermes Restaurant Corp. d/b/a Millenium Diner & Restaurant and Athanasia Moustakas (collectively as "Defendants"). In his Complaint, Plaintiff asserts claims for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), failure to provide accurate wage statements under NYLL § 195(3), and failure to issue compliant wage notices under NYLL § 195(1). D.E. 1. The parties have reached a resolution of this action. Accordingly, Plaintiff now submits this joint motion for approval, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), to respectfully request that the Court approve the terms of the parties' settlement agreement with respect to Plaintiff's FLSA claims only.[2] The parties' proposed settlement agreement, entitled as the "Settlement Agreement and Release" (the "Agreement"), is attached as Exhibit A.

## Procedural History

  On November 20, 2023, Plaintiff filed his Complaint. D.E. 1. On December 21, 2023, Defendants filed their Answer to the Complaint. D.E. 7. The parties then exchanged discovery targeted towards their desire to explore an early resolution of this litigation. After engaging in that discovery, the parties negotiated a settlement in principle through

---

[1] Plaintiff filed a signed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form simultaneously with this motion.
[2] Plaintiff does not seek the Court's approval with respect to the settlement of Plaintiff's non-FLSA claims as there is no requirement for the Court to do so. However, although non-FLSA claims do not require the Court's approval, the parties' settlement agreement, attached as Exhibit A, includes the resolution of all of Plaintiff's claims asserted in this lawsuit.

their arms' length negotiations. Thereafter, the parties negotiated the terms of their formal settlement agreement.

The settlement agreement between the Plaintiff and the Defendants provides for payment of a gross sum of $25,000.00, inclusive of attorneys' fees and costs. Pursuant to the Agreement, Plaintiff will receive a total of $16,288.67, and Plaintiff's counsel will receive a total sum of $8,711.33, consisting of $8,144.33 for attorneys' fees (i.e. 1/3 of the net settlement amount after deducting costs from the gross settlement amount) and $567.00 for litigation costs.

**The Court Should Approve the Settlement Agreement as Fair and Reasonable**

FLSA claims may be dismissed with prejudice under Fed. R. Civ. P. 41 if they are approved by the Court. Cheeks, 796 F.3d at 206-207. "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." Hernandez v. Merrill Lynch & Co., 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) (citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." Id. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." Id.

In evaluating a proposed settlement of FLSA claims, courts in this Circuit typically apply the five-factor test articulated in Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Wolinsky factors require consideration of the following factors: (1) the Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arms'-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. Id.

In this case, Defendants operated a restaurant. Plaintiff alleges that he was employed by Defendants as a chef's helper and as a dishwasher from on or about December 7, 2021 until in or about March 2023. Plaintiff asserts that he performed non-exempt duties for the Defendants including preparing, chopping and cooking food, washing dishes, and cleaning the kitchen and bathroom. Throughout his employment, Plaintiff contends that he commonly worked more than forty hours during many of his workweeks. Despite frequently working in excess of forty hours during his workweeks, Plaintiff alleges that Defendants paid him at his straight time regular rate of pay for all of his hours worked and failed to pay him at his statutorily mandated overtime rate of pay of one and one-half times his regular rate or pay for his hours worked in excess of forty hours during many of his workweeks in violation of the FLSA.

Critically, the parties have several key disputes that impact liability and damages. Defendants contend that Plaintiff was paid correctly for his hours worked. Indeed, Defendants deny that they failed to pay Plaintiff for his overtime hours worked. Moreover, Defendants strenuously contest the number of hours worked by Plaintiff during his workweeks and assert that Plaintiff worked far fewer hours during his workweeks than alleged. Each of these disputes will turn primarily on the credibility of the parties, and the

resolution of these disputes would have a significant outcome on both liability and the amount of Plaintiff's damages awarded at trial. Additionally, Defendants contend that they acted in good faith and Plaintiff is not entitled to liquidated damages, whereas Plaintiff asserts that liquidated damages should be awarded because Defendants cannot establish that the alleged violations, if proven, were part of good faith efforts to comply with the FLSA. Moreover, Defendants assert that they have modest financial resources and cannot afford a larger settlement or judgment. Because of this, Plaintiff faces a significant risk that he could end up collecting little or even no monetary recovery, even if successful at trial.

Plaintiff calculated his damages in order to assess his best possible recovery in this litigation. Making all reasonable assumptions in his favor, according to Plaintiff's calculations, Plaintiff's best potential recovery under the FLSA at trial amounts to $7,155.00 for all of their unpaid FLSA wages and $7,155.00 for FLSA liquidated damages.

Settling at this stage allows the parties to avoid substantial costs and delays. Indeed, were a settlement not reached at this stage, the parties would have engaged in formal written and document discovery, and depositions of Plaintiff, Defendants, and likely several non-party witnesses. This settlement also avoids potential motions for summary judgment and a time consuming and risky trial, which could result in a months' or years' long delay to obtaining a potential recovery for the Plaintiff, even if he is successful, and avoids potentially facing future appeals. Notably, a trial in this lawsuit is particularly risky because it will likely turn substantially upon the credibility of the parties. As a result, all parties face a serious risk of losing at trial, in whole or in part. Even if Plaintiff were successful on his FLSA overtime wage claims, but Defendants succeed in proving that they made a good faith effort to comply with the FLSA, then Plaintiff would not be entitled to liquidated damages under the FLSA, reducing Plaintiff's available FLSA damages by half. Thus, by settling at this stage, Plaintiff ensures that he will receive a substantial recovery in this matter. Indeed, under the terms of the parties' settlement, Plaintiff will receive all of his alleged unpaid wages and liquidated damages owed under the FLSA, even after deducting for attorneys' fees and litigation expenses. As such, the parties' settlement is eminently reasonable as Plaintiff will be receiving more than 100% of his unpaid wages and liquidated damages under the FLSA (and the total settlement even covers 94.15% of Plaintiff's damages under both the FLSA and NYLL). See Jara Munoz v. R.S. Woodworks Inc., Docket No. 23-cv-02249-LGD (E.D.N.Y. July 17, 2023) (citing Tapia v. Nations Roof East, LLC, 2022 WL 2104245 at *1 (S.D.N.Y. June 10, 2022) ("discussing cases approving settlements ranging from 25% to 7% of total recovery amount"); and Amhaz v. Booking.com, 2019 WL 9122944 at*2 (S.D.N.Y. Oct 29, 2019) ("approving settlement that represented 9.7% of total recovery amount"), report & recommendation adopted, 2020 WL 3498264 (S.D.N.Y. June 29, 2020)) (approving FLSA settlement and finding the "settlement amount is fair and reasonable as the settlement compensates Plaintiff for approximately 50% of the claimed unpaid wages (despite the significant litigation risks suggesting that they might be entitled to substantially less than that amount, as well as Defendants' claimed financial difficulties")).

Accordingly, although there is a possibility that Plaintiff could recover higher damages if the case proceeded to trial, at least under the NYLL, there is also the significant possibility that he could receive lower damages, or nothing at all, and as such, the risks and

uncertainties discussed above are substantial. Thus, assuming this settlement is approved, Plaintiff will be able to recover the settlement funds more expeditiously, and with more certainty, than a trial judgment.

Furthermore, the settlement agreement does not contain any terms that would militate against the Court approving it. For instance, the release in the Agreement is limited to wage-related claims under the FLSA and NYLL. The release does not fall into the category of releases that are so broad and encompassing as to be rejected because they run afoul of standards of fairness and reasonableness. See Flood v. Carlson Rests. Inc., 2015 WL 4111668, at *1-2 (S.D.N.Y. July 6, 2015); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. March 30, 2015) (prohibiting releases that "purport to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues" but notes additional claims may be released in appropriate circumstances); Cheeks, 796 F.3d at 206 (noting judicial approval of settlements is necessary to avoid an "overbroad release" that waives all possible claims and to prevent potential abuse or overreach in settlements). Here, the release is narrowly tailored to release only claims relevant to or asserted in the instant action. Likewise, the agreement does not contain a confidentiality clause that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." Flood, 2015 WL 4111668, at *1 (citing Lopez, 96 F. Supp. 3d at 177-181); Cheeks, 796 F.3d at 206 (quoting Lopez, 96 F. Supp. 3d at 177) (noting judicial approval of settlements is necessary to prevent "'highly restrictive confidentiality provisions…in strong tension with the remedial purposes of the FLSA'"); Cortes v. New Creators, Inc., 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (citing Lopez, 96 F. Supp. 3d at 177-181). Additionally, the parties have not included a non-disparagement clause.

### The Court Should Approve the Requested Attorneys' Fees and Costs as Reasonable

In addition to assessing the reasonableness of the settlement award, most courts since Cheeks have found that courts "must also assess the reasonableness of any attorneys' fee award." Velasquez v. SAFI-G, Inc., 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015) (citing Wolinsky, 900 F. Supp. 2d at 336). When courts examine attorneys' fee awards in FLSA settlements, it is "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing Wolinsky, 900 F. Supp. 2d at 336). In this case, the portion of the settlement amount attributable to attorneys' fees is $8,144.33, or approximately one-third of the net settlement amount after deducting for litigation costs.

Notably, while Courts may now award attorneys' fees in amounts greater than one-third of the total settlement sum, plus costs, Fisher v. SD Prot. Inc., 948 F.3d 593 (2d Cir. 2020), Courts have traditionally held that approval of attorneys' fees of one-third of the settlement sum, plus costs, is reasonable and routinely approve such terms in settlement agreements. Tiro v. Public House Investments, LLC, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases); Kochilas v. Nat'l Merchant Servs., Inc., 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases); McDaniel v. City of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010) (noting that the percentage of recovery method is "the trend in this Circuit."); see also Jara Munoz v. R.S. Woodworks Inc., Docket

No. 23-cv-02249-LGD (E.D.N.Y. July 17, 2023) (citing Tepale v. 245 Gourmet Food Inc., 2022 WL 1186574, at *1 (S.D.N.Y. Apr. 21, 2022) ("noting that courts routinely award one third of a settlement fund as a reasonable fee in FLSA cases"); Euceda v. The Hidden Wharf, Inc., Docket No. 19-cv-06564 (CLP), D.E. 38, at *10 (E.D.N.Y. Feb. 28, 2022) ("the requested fees are approximately one-third of the settlement amount, a percentage typically found reasonable in this Circuit"); Oxley v. Excellent Home Care Servs., LLC, 2020 WL 589581, at *3 (E.D.N.Y. Jan. 8, 2020), report and recommendation adopted, 2020 WL 401772 (E.D.N.Y. Jan. 23, 2020) (citing Romero v. Westbury Jeep Chrysler Dodge, Inc., 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016)) (noting "courts in this Circuit have routinely found an award representing one third of the settlement amount to be reasonable" in FLSA settlements and awarding plaintiff's counsel a fee of one-third of the net settlement after costs, plus an award of costs); Yong Yuan Wang v. Mandarin Glen Cove, Inc., 2019 WL 5695910, at *2-3 (E.D.N.Y. Sept. 30, 2019) (citing Romero, 2016 WL 1369389, at *2) (same); Meza v. 317 Amsterdam Corp., 2015 WL 9161791, at *2 (S.D.N.Y. Dec 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.") (collecting cases); Cregg v. Firstservice Residential N.Y., Inc., Docket No. 15-cv-3876-LB, D.E. 14 at *4-5 (E.D.N.Y. Dec. 9, 2015) (approving one-third attorneys' fees award as "the norm in this Circuit"); Najera v. Royal Bedding Co., LLC, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases); Calle v. Elite Specialty Coatings Plus, Inc., 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("[O]ne-third contingency fee is a commonly accepted fee in this Circuit."); Rangel v. 639 Grand St. Meat & Produce Corp., 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery, plus costs). Courts have held that a one-third recovery is appropriate in a case where, as here, Plaintiff's counsel's fee entitlement is entirely contingent upon success of a settlement or award. See Massiah v. MetroPlus Health Plan, Inc., 2012 WL 5874655, at *8 (S.D.N.Y. Nov. 20, 2012) (collecting cases) (one-third recovery is "presumptively reasonable" where "Counsel's fee entitlement is entirely contingent upon success"). Thus, Plaintiff's counsel's requested fees of one-third of the net settlement sum after deducting for litigation costs is certainly reasonable.

Lastly, Plaintiff's counsel seeks reimbursement for $567.00 in advanced litigation costs, representing $402.00 for the filing fee for the Complaint and $165.00 for service of process of the Summons and Complaint on Defendants. A copy of the applicable invoices are annexed as Exhibit B.

Accordingly, Plaintiff's counsels' requests for attorneys' fees in the amount of $8,144.33 and expenses in the amount of $567.00 should be approved as reasonable.

In light of the foregoing, Plaintiff respectfully requests that the Court enter an order approving the parties' FLSA settlement and dismissing this lawsuit with prejudice. Subject to the Court's approval, and in accordance with the Agreement, Plaintiff requests that the Court retain jurisdiction over this matter for any disputes as the parties administer the terms of their Agreement.

We thank the Court for its consideration of these requests.

Respectfully submitted,

*/s/ David Barnhorn*

_____
DAVID D. BARNHORN, ESQ.

C:      All Counsel of Record *via* ECF